Mr. Sample. Good morning and may it please the court, my name is Brandon Sample and I represent the appellant, Ms. Jennifer Kirk. The district court erred in holding that Kirk may not challenge the Department of Justice's refusal to move for Rule 35 relief under the Administrative Procedure Act. While prosecutors undoubtedly retain broad discretion in determining whether to move for substantial assistance reduction, that discretion is not unlimited. As the Supreme Court held in Wade v. United States, the exercise of prosecutorial discretion in this regard is subject to due process constraints, namely, that the decision be rationally related to a legitimate government... Well, of course that's true, but the Administrative Procedure Act says you can't use it if there's some other adequate remedy available. And the question, independent of committed to agency discretion by law, is whether a motion in the criminal case isn't an adequate remedy. And we believe that that issue is controlled by this Court's decision in Bernice v. Smith, which, that's 521 Fed Third 707 at 722, Your Honor, which construed Section 2244 by reference to 2255. And there, this Court's... I'm not talking about either 2254 or 2255. I'm asking simply about a motion in the criminal case. That's how Wade arose and reached the Supreme Court. It was not by a 2254 or 2255 pleading. It was by a simple motion in the criminal case. That is correct, Your Honor. So why isn't that available to your client as well? Because at this juncture of the proceedings, the client is not pre-sentence and does not have the ability to simply file a motion. Why doesn't he? Because... You write the piece of paper and you send it to the court. Voila, the motion is filed. Because this Court... Rule 35 says the sentence can't be reduced unless the U.S. files a motion, its own motion. But what prevents the defendant from filing a motion? As I say, that's what happened in Wade. That was the procedure used in Wade. Yes, Your Honor. I believe, actually, this Court's decisions in Obeyed and Richardson speak directly to that issue because they say that you cannot simply file a motion. Those decisions... No. What we have said is you can't directly file a motion for a lower sentence. That's not covered by Rule 35. Have we ever said that you can't file a motion asking the district judge to direct the prosecutor to file the Rule 35 motion? As I say, that was the procedure in Wade. We can't jolly well say, oh, indeed, the Supreme Court was wrong in thinking that that's an available procedure. I believe that there might be some questions of whether or not the district court would have jurisdiction at that point in the case to even be able to consider that issue. Why? Because at the issue in Wade, to the best of my recollection, Your Honor, the procedural posture of that case, it didn't arise in the context of the defendant making a motion long after the proceedings had concluded and then seeking further proceedings in the district court. Look, the whole point of this part of Rule 35 is to allow the prosecutor to file a motion based on post-conviction and post-sentencing assistance. Naturally, any motion about it will come after the sentence. It can't come before the sentence because Rule 35 is about post-sentencing stuff. The district court has jurisdiction, that is, authority to grant such a motion by the prosecutor, which leaves the question, why would the district judge lack authority to go through the Wade procedure? Your Honor, our construction of the relevant cases from this court, including Obeyed and Richardson, as we've indicated in our filings, is that that would not be permitted. That the remedy, the procedural mechanism by which the defendant would normally raise this would be through a 2255 motion. But in the context of what it is specifically that the defendant is requesting here, which is namely reconsideration of the issue by the Department of Justice. If we were to order such reconsideration, what instructions would we give them? Well, that reconsideration would follow after, naturally, a review of whether or not the government's decision not to move based on its decision to effectively control the sentence is proper. So that involves what, you'd call in prosecutors to testify at an evidentiary hearing about why they didn't file a motion? Potentially, or requiring an evidentiary proof by the defendant to be able to demonstrate the reasons why the government did not move. And what law would actually, what would we apply to that decision? It's our position, Your Honor, that we would look at the history of Rule 35, and we would look at the Asterix's decision in United States v. Stockdall, which held that the government may not refuse to make the motion in the case. You thought that was a holding? We, Your Honor, we believe that that was commentary from the court with reference to 3553E. Suppose the government makes a one Rule 35 motion, and the judge reduces the sentence by twice as much as the government had asked. And the government gets further cooperation from the defendant, and says, that was enough. We're not going to file another motion. Is that, are you saying that the court should step in, find that wrongful, and require another motion? It, Your Honor, it is our position that the determination of the sentence length is something that is left to the court, and that if the government is permitted to pre-terminate the consideration of that, then it basically nullifies a portion of how the statute works, the rule works. Because the context is, is that the defendant would render substantial assistance, the government would tell the court what the defendant did, and then the, then the court would make a determination about whether or not to further reduce the sentence. The government would be free in making that motion to make that argument to the court at that time, that no further reduction should be made based on... Have you contended in the district court, are you prepared to contend that you have evidence that the reason such a motion was not filed, a second motion was not filed for Kirk reflects race discrimination or sex discrimination? No, Your Honor. Well, you may remember that Wade said that that would be about the limit of the permissible reasons. The disagreement with the prosecutor's conclusion about how much assistance was given would not be a permissible reason. So it now sounds like you're conceding that you don't have a reason within the scope of Wade. Isn't that an independent problem? No, Your Honor, we don't believe so because we've actually advanced a statutory argument here. The argument is... That's not what the Supreme Court said in Wade. We were told by the Supreme Court both what the procedure is and what the standard of review is. And they said the standard of review is violating, whether the prosecutor is violating the Constitution. You know, we try to follow the Supreme Court. Do you have any line of argument within the scope of Wade? Not with respect to the constitutional argument, Your Honor. In Wade, the parties had not made a statutory argument. The court proceeded to the due process issue and established a standard that was enunciated therein. There was no statutory argument by the parties. The Administrative Procedures Act was not as issued. I see that my time, I'm in my rebuttal time, and I would like to reserve my balance if the court has no further questions. Mr. Biersbach, welcome back. It's great to see you, Your Honor. My name is Nick Biersbach, and I represent the United States Department of Justice in this matter. I just want to make two really brief points here. First is that this Court and the Supreme Court have recognized the inherent discretion involved with whether or not to move for a reduction in the defendant's sentence based on cooperation they provided. In fact, the Supreme Court has stated that the prosecutor has the power but does not have a duty to move for such a reduction. Additionally, if we look at Rule 35 and the relevant statute in this case, what we're going to see is there is no cabin on the prosecutor's decision, nothing that we can apply to determine whether or not the prosecutor has acted improperly. Those two points suggest and tell us that this is an inherently discretionary decision that cannot be reviewed under the APA. Second, and to Your Honor's point, there are other remedies here. 2255 is one of the remedies, and Your Honor suggested filing a motion in the District Court. Under either circumstance, what Ms. Kirk is trying to do is parse hairs. She's trying to say that I don't want release under 2255, I just want reconsideration by the government. But really when she cites Stockdale... I hope you were following my question. I wasn't asking anything about 2255, and I must say I can't see what 2255 would do to authorize such a motion. Because 2255 authorizes motions contending that the conviction is invalid or the custody is invalid. And the sort of motion Kirk wants to file doesn't contend either thing, and therefore it doesn't come within 2255. And that was bringing me to my next point, Your Honor, is I believe she's parsing hairs. I think she's seeking a remedy that in all actuality is the remedy that she wants under 2255, which is the court... There is no remedy under 2255 in this situation. There is just none. There is no contention that the conviction or sentence is constitutionally invalid or a violation of statute. None at all. And that's correct, Your Honor, and it's not alleged, and our brief reiterates that point, that there has been... No, your brief says go file under 2255. But if you file under 2255, it will instantly be denied on the ground that it's outside the scope of 2255. So that can't be the right thing that we should be telling Kirk to do. And I take that point, Your Honor. So that just brings me back to the fact that this is a threshold issue, an issue that is committed to prosecutors' discretion as a matter of law. It can't be committed to prosecutors' discretion by law because Wade held otherwise. That was the argument the solicitor general made to the Supreme Court in Wade, and it was rejected. And we recognize that there are limits, Your Honor. Then it's not committed to prosecutorial discretion by law, right? As I said, that was the solicitor general's argument in Wade. We try to follow the Supreme Court. We may not always succeed, but flipping the Supreme Court the bird is just not an option for a court of appeals. Unless there are any other questions, I'm done with my argument. Okay. Anything further, Mr. Sample? No, Your Honor, not unless the court has any additional questions. Okay. Thank you very much. The case is taken under advisement.